**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**BRIAN McCALL SNOW (AIS # 228680)** :

    **Plaintiff,** :

vs. : **CIVIL ACTION: 13-0464-CG-C**

**SAM COCHRAN,** :

    **Defendant.** :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama pretrial detainee proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I. Complaint (Doc. 1).**

Plaintiff Brian McCall Snow filed this § 1983 action against Defendant Sam Cochran, Sheriff of Mobile County, Alabama, on September 18, 2013. (Doc. 1). Plaintiff claims on July 19, 2013, he injured his right hand. (*Id*. at 4). Two weeks following the injury, it was confirmed by an x-ray report that Plaintiff had suffered a bone fracture. (*Id*.). He was then seen by a free-world physician on August 17, 2013 to access his broken hand.[1] (*Id*.). The physician reported

---

[1] Plaintiff claims he filed several requests for medical treatment for his hand and grievances regarding the lack of medical treatment received between the time he

Plaintiff's bone fracture had begun the healing process and, therefore, recommended a cast be placed and worn for three weeks to increase the likelihood of correct structural growth of the bone.[2] (*Id.*).

Plaintiff filed this action against Defendant Cochran claiming Defendant is responsible "for poor health care on [his] right hand" due to the delay in receiving medical care and requests $350,000 in damages for the inadequate or delayed medical treatment on his hand. (*Id.*). Additionally, Plaintiff alleges unconstitutional conditions of confinement at Mobile County Metro Jail, including overcrowding, inadequate bed height, overcharging of postage stamps, and illegal selling of hygiene items and seeks relief in the amount of $200,000 for these constitutional violations as well as injunctive relief. (*Id.* at 4, 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, *inter alia*, the

---

obtained the x-ray diagnosis and was taken to Stanton Road Clinic on August 17, 2013. (Doc. 1 at 4).

[2]   Plaintiff alleges the free-world physician at Stanton Road Clinic informed him during the examination that his "hand was already in the stages of healing back broke. . . [and] the best he could do was put a cast on it for 3 weeks to make it not heal back worser than it already had." (*Id.* at 4).

[3]   The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

2

defendants are immune from suit, *id.* at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR*

3

*Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.  Analysis.**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664, 88 L. Ed. 2d 662 (1986).  Additionally, a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of his constitutional or federal rights in order to state a claim under § 1983.  *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982), cert. denied, 464 U.S. 932, 104 S. Ct. 335, 78 L. Ed. 2d 305 (1983).

Plaintiff asserts that he is suing Defendant Sheriff Cochran "of the Mobile County Metro Jail."  (Doc. 1 at 4).  The Court construes Plaintiff's statement as Plaintiff's intention to potentially seek damages from Defendant in his official capacity.  An action against Defendant Cochran in his official capacity is in

4

actuality an action against the State of Alabama.  *Parker v. Williams*, 862 F.2d 1471, 1475-76 (11th Cir. 1989).  The State and its officials acting in their official capacities are not "persons" for § 1983 purposes.  *Carr v. City of Florence*, 916 F.2d 1521, 1525 n.3 (11th Cir. 1990) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).  Liability under § 1983 can only be imposed against a person.  42 U.S.C. § 1983.  Since Defendant Cochran acting in his official capacity is not a "person" for § 1983 purposes, there is no cause of action against Defendant Cochran for acts taken in his official capacity.  As a matter of law, the claims against Defendant Cochran in his official capacity are due to be dismissed pursuant to § 1915(e)(2)(B)(i).

In screening Plaintiff's complaint as to the claims against Defendant Cochran in his individual capacity, the Court finds that the factual content of his allegations is insufficient.  Plaintiff's factual allegations are in the nature of "an unadorned the-defendant-unlawfully-harmed-me accusation[,]" and such factual assertions are not acceptable.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

### 1. Failure to Provide Adequate Medical Care Claim.

Plaintiff asserts that by the time his hand injury was examined by a specialist, the bone fracture was beginning to heal incorrectly and the treatment options were limited. (Doc. 1 at 4).  Plaintiff contends Defendant is liable for the nearly one month delay in the medical treatment of his hand.  (*Id.*).  However, the evidence presented shows that Plaintiff received an x-ray within two weeks of injuring his hand, and, despite the difficulties in scheduling an appointment for an inmate with a free-world doctor, Plaintiff received an examination by a

free-world physician within two weeks of confirmation that his hand was broken. (*Id.*).

"Delay in access to medical attention can violate the Eighth Amendment . . . when it is tantamount to unnecessary and wanton infliction of pain." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n. 9 (2002) (internal citations and quotation marks omitted). To succeed in proving that the delay of medical care rose to a constitutional violation, Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. . . . Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay. *Id.* at 1188-89 (internal citations omitted) (footnotes omitted); *see also*, *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). Furthermore, the law is clear that Plaintiff does not have a right to a specific kind of treatment. *Cf. City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 245, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983) ("[T]he injured [pretrial] detainee's constitutional right is to receive the needed medical treatment; how [a municipality] obtains such treatment is not a federal constitutional question."). And, Sheriff Cochran does not personally provide the medical treatment to inmates and should not be required to substitute his medically untrained judgment for the professional judgment of the medical health professionals who treated Plaintiff. *See e.g. Williams v. Limestone Cnty., Ala.*, 198 F. App'x 893, 897 (11th Cir. 2006) ("[S]upervisory officials [of the jail, including the Sheriff] are entitled to rely on

6

medical judgments made by medical professionals responsible for prisoner care."); *Meloy v. Bachmeier*, 302 F.3d 845, 847 (8th Cir. 2002) ("Prison officials cannot substitute their judgment for a medical professional's prescription."), citing *Zentmyer v. Kendall Cnty.*, 220 F.3d 805, 812 (7th Cir.2000) (same); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims."). *See also Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)("[I]f a doctor follows established medical procedures and actually treats a prison inmate, he has satisfied his obligation under the Eighth Amendment [and] [s]imple medical malpractice certainly does not rise to the level of a constitutional violation."), citing *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ("[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to . . . state a valid claim of medical mistreatment under the Eighth Amendment."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Th[e] evidence shows that [the inmate] received significant medical care while at the jail [and,] [a]lthough [he] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."), cert. denied, 475 U.S. 1096, 106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986).

Plaintiff does not allege that Defendant personally denied him medical care or treatment. Instead, Plaintiff claims policies or customs established by Defendant resulted in deliberate indifference to his medical needs. However,

7

because § 1983 does not provide for liability under a theory of *respondeat superior*, *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978), Plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of his constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action. S*ee Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 706 (11th Cir. 1985) (A defendant may be liable if it establishes or utilizes a policy or custom which "play[s] a role in the delay in treatment and deliberate indifference" of a plaintiff's medical needs.). A casual connection may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Plaintiff, however, fails to show personal involvement or specific policies or customs established by Defendant that attributed to, much less caused, any deliberate indifference to his medical needs. Rather, the facts presented by Plaintiff Snow show that he received medical treatment, including an x-ray and examination by a free-world physician, in less than a month from the date of injury. Additionally, Plaintiff has failed to allege any physical harm caused by the delay. Plaintiff waited two weeks after injuring his hand to receive an x-ray and two weeks after that to obtain an appointment with a free-world doctor to treat his injury. This alleged delay was not "tantamount to unnecessary and wanton infliction of pain," *Hill*, 40 F.3d at 1187 (internal citations and quotation marks omitted), and did not "detrimentally exacerbate the medical problem." (*Id.*). Therefore, Plaintiff has failed to allege a viable claim that any clearly established and federally protected rights were violated by Defendant. Consequently, this claim against Defendant must be dismissed for failure to state a claim against Sheriff Cochran for which relief may be granted.

## 2. Unconstitutional Conditions of Confinement Claims.

The complaint also includes allegations that Defendant is operating a jail that is severely overcrowded because four or more inmates are housed in a cell which was designed for two inmates. This allegation, however, is not a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). The Constitution does not require that places of incarceration be comfortable. *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 2401, 69 L.Ed.2d 59 (1981). Instead, all that is required is for the State to furnish "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir.), *rev'd in part sub nom. Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L.Ed.2d 1114 (1978), *see Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); *Hamm v. De Kalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096, 106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986). Plaintiff must satisfy an objective component and a subjective component to state an Eighth Amendment claim for unconstitutional conditions of confinement.[4] *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 1983, 128 L.Ed.2d 811 (1994). The objective component requires the Court to look to "contemporary standards of decency" to determine whether

---

[4] According to Plaintiff's complaint, he is currently a pretrial detainee. (Doc. 1 at 6). Because a pretrial detainee has not been convicted, his claim arises under the Fourteenth Amendment; whereas, the Eighth Amendment protects a convicted prisoner. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572-73 (11th Cir. 1986); *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). The legal standard for a violation based on conditions of confinement is the same under either amendment. *Hamm*, 774 F.2d at 1574. For the purpose of this recommendation, reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment.

the challenged condition resulted in a deprivation of "the minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399, or of a "single human need[.]" *Wilson v. Seiter*, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327, 115 L.Ed.2d 271 (1991); *see Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994). Moreover, the challenged condition must be "extreme . . . [b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (citations and quotation marks omitted); *see Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) ("If prison conditions are merely restrictive and even harsh, they are part of the penalty of that criminal offenders pay for their offenses against society."). To be extreme, the challenged prison condition must "pose[] an unreasonable risk of serious damage to the prisoner's health or safety." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff's conclusory claim of overcrowding is supported only by his assertion that the jail cells house more inmates than they were designed to hold. This brief factual allegation does not provide a basis upon which the Court can conclude that Plaintiff's constitutional rights have been violated. In other words, they do not present an extreme condition that involves the deprivation of a single human need or of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (The housing of multiple inmates in a cell, beyond its designed capacity, did not constitute cruel and unusual punishment where there was no evidence of unnecessary or wanton infliction of

pain, nor was it grossly disproportionate to the crimes warranting imprisonment.). "Indeed routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the 'amenities, conveniences, and services of a good hotel." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004) (citation omitted) (unpublished); *see Harris*, 839 F.2d at 1235-1236 ("Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement."). Moreover, Plaintiff has not alleged an injury to himself. *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (affirming the dismissal a claim for unpleasant temporary conditions as there was no injury, among other things).

Upon review of Plaintiff's limited factual allegations, the undersigned finds that they are not sufficient to allow the Court to draw the conclusion that the alleged overcrowding "is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Richardson*, 598 F.3d at 737. Because the objective component is not plausible, the Court is foregoing a discussion regarding the subjective component, and finds that Plaintiff has failed to allege facts sufficient to state a conditions of confinement claim. *See Chandler*, 379 F.3d at 1297 (declining to discuss the subjective component when the inmate failed to meet his burden on the objective component).

Turning to Plaintiff's claim that he has been "forced to sleep . . . two inches off the floor" instead of the required "sixteen inches of the floor" (doc. 1 at 4), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. The lower than ideal height of Plaintiff's bed does not present an extreme condition that involves the deprivation of a human need, nor does it

deny Plaintiff of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. Additionally, "[t]o determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate." *Wiley v. Glover*, Case No. 1:05cv1156-MEF, 2008 U.S. Dist. LEXIS 87185, 2008 WL 4629924, *18 (M.D. Ala. Sept. 3, 2008) (citing Rhodes, 452 U.S. at 366). And, Plaintiff has not plead any facts or made any claims of injury or harm due to the fact that his bed has been at a less than optimal or ideal height. *Foster v. Sangamon Cnty Jail*, No. 07-3202, 2008 U.S. Dist. LEXIS 75777, 2008 WL 4491944, at *3 (CD. Ill. Set. 30, 2008) (unpublished) (finding that sleeping on a mattress on a concrete floor, as compared to a concrete bed with a mattress, did not state a constitutional violation). Due to Plaintiff's insufficient allegations and lack of injury, the undersigned recommends that Plaintiff's claims regarding the conditions of confinement under which he has been held be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

   **3.    Illegal Charging for Commissary Items Claims.**

Plaintiff claims that Defendant is liable for selling inmates individual bars of soap that contains an outer packaging label stating it is "not for individual sale" and for "price gouging" inmates by charging $4.60 for a book of United States' postage stamps (consisting of 10 stamps). (Doc. 1 at 4). In order to establish a claim under § 1983, a plaintiff must show he was deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parrat*, 451 U.S. at 535. Only a deprivation which denies 'the minimal civilized measure of life's necessities,' *Rhodes*, 452 U.S. at 347, is grave enough to violate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

"Conditions of confinement violate the Eighth amendment only if they (1) rise to the level of a 'serious' deprivation; and (2) result from the official's 'deliberate indifference.'" *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). Moreover, a supervisor in a § 1983 action may be liable only if he participated in the wrongful act or there is a causal connection between a supervisor's act and the alleged deprivation. *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1560-61 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994).

As to the allegations in this action, the claims of selling over priced stamps and individual bars of soap out of their original packaging fail to identify an enforceable right that exists under the constitution, and the allegations are not "serious deprivations;" thus, Plaintiff's claims are frivolous, *Neitzke,* 490 U.S. at 327, and should be dismissed under § 1915(e)(2)(B)(i). At the time this claim arose, the cost of a single U.S. First-Class postage stamp was $0.46. *See* Price of US Postage Stamp, http://www.priceofstamp.com/ (last visited on June 9, 2014); USPS.COM, https://www.usps.com/business/prices.htm (last visited on June 2, 2014). Therefore, Plaintiff's claim that Defendant is "price gouging" inmates by charging $4.60 for 10 stamps also fails because it is clearly frivolous based on simple mathematics: a book of 10 (ten) stamps, priced at 46 cents a piece, would retail at $4.60.

As to Plaintiff's claim regarding Defendant's distribution of soap, the constitution provides protection of an inmate's basic human needs. Such necessities include reasonably adequate food, shelter, clothing, and sanitation. *Chandler v. Baird*, 926 F.2d 1057, 1063-65 (11th Cir. 1991); *see Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1571 (11th Cir. 1985) (same); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (Indigent inmates have the right to personal hygiene supplies

13

such as toothbrushes and soap); *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980) ("a state must provide . . . reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities"). The Constitution does not, however, protect an inmate's right to choose his preferred brand of soap or dictate where a facility purchases its soap. And, suing for "illegal distribution" of soap is certainly not an appropriate § 1983 action, as this conduct clearly does not deprive Plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Therefore, these claims are frivolous and should be dismissed pursuant to § 1915(e)(2)(B)(i).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further recommended that the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 10th day of June, 2014 .

                          /s/WILLIAM E. CASSADY
                           UNITED STATES MAGISTRATE JUDGE